

Sandra D. Hauser
Partner

sandra.hauser@dentons.com
D +1 212 768 6802

**MEMO ENDORSED**

Dentons US LLP
1221 Avenue of the Americas
New York, NY 10020-1089 USA

T +1 212 768 6700
F +1 212 768 6800



MEMO ENDORSE
SEE P. 2

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/21/2014

October 17, 2014

Honorable Naomi Reice Buchwald
United States District Judge
United States Courthouse
500 Pearl Street
New York, N.Y. 10007

Re: *Austin-Spearman v. AMC Network Entertainment LLC and AMC Networks Inc.*
14 CV 6840

Dear Judge Buchwald:

  This firm represents Defendants AMC Network Entertainment LLC and AMC Networks Inc. ("AMC" or "Defendants") in the above-referenced action. We are writing pursuant to Your Honor's Rules of Individual Practice to request a pre-motion conference in connection with (or, in the alternative, authority to file) AMC's proposed Motion to Dismiss Plaintiff's Complaint in its entirety, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The deficiencies Defendants will raise in their proposed Motion are inherent to Plaintiff's claim and cannot be cured by amendment.

  To briefly describe the context, Plaintiff has brought a one-count putative class action complaint against AMC under the Video Privacy Protection Act, 18 U.S.C. § 2710 *et seq.* (the "VPPA"). The VPPA prohibits a "video tape service provider" from "knowingly" disclosing "personally identifiable information," which is defined by the VPPA as information that identifies both a specific person *and* the specific video material such person viewed. 18 U.S.C. §§ 2710(a)(3); (a)(4); (b)(1). Plaintiff's central allegation is that when she visited AMC's website as a casual, non-subscriber visitor, while simultaneously choosing to remain logged into her Facebook account, a "cookie" placed by Facebook on her computer caused her browser to transmit her Facebook ID from the Facebook cookie to Facebook, along with the URL of the webpage she visited at AMC. She contends these acts constitute a violation of the VPPA by AMC. AMC intends to move to dismiss on the following principal grounds, which are summarized below and will be set forth in full with additional authority and discussion in the supporting memorandum of law filed with AMC's Motion:

  First, AMC will demonstrate in its Motion that this Court lacks subject matter jurisdiction over this action because Plaintiff failed to allege an injury in fact she suffered as a result of AMC's conduct, and therefore lacks Article III standing. Binding Supreme Court and Second

**DENTONS**

Honorable Naomi Reice Buchwald
October 17, 2014
Page 2

**MEMO ENDORSED**

Circuit precedent confirm the assertion of a statutory violation alone, absent an allegation of injury in fact, is insufficient to confer Article III standing. *E.g. Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1982); *Kendall v. Employees Ret. Plan of Avon Products*, 561 F.3d 112 (2d Cir. 2009). "The requirement of injury in fact is a hard floor of Article III jurisdiction that cannot be removed by statute." *Summers v. Earth Island Inst.*, 555 U.S. 488, 497 (2009). Plaintiff here alleges only a statutory violation and fails to allege that she suffered any actual injury as a result of such violation. (*See* Compl. ¶ 58 (alleging that Plaintiff "and the Class have had their statutorily defined right to privacy violated").) AMC would appreciate the opportunity to show this Court that, for this reason, Plaintiff fails the basic test of Article III standing and this case should be dismissed.

Second, AMC will demonstrate that Plaintiff's allegations do not satisfy all elements required to assert a claim under the VPPA, principally because Plaintiff's allegations show that she is not a "consumer" protected by the VPPA. The VPPA requires, in part, that any claim under the VPPA be asserted by a "renter, purchaser, or subscriber" of the alleged videotape service provider—here, AMC. "Subscriber" is not defined by the VPPA, so the "ordinary meaning" of that term must be applied. *BP Am. Prod. Co. v. Burton*, 549 U.S. 84, 91 (2006) ("Unless otherwise defined, statutory terms are generally interpreted in accordance with their ordinary meaning.") (citing *Perrin v. U.S.*, 444 U.S. 37, 42 (1979)). Although Plaintiff labels herself a "subscriber" to AMC's website in her complaint, her allegations state she only "surf[ed] the AMC website on her computer" to watch videos from AMC's television shows. (Compl. ¶ 14.) Merely visiting a website set up to market and promote AMC's television shows does not constitute being a "subscriber" of AMC under any ordinary meaning of the term. For this reason, she cannot satisfy a key element required to assert a claim under the VPPA and the case cannot stand.

Pursuant to a stipulation and order dated September 16, 2014 (Doc. 4), Defendants presently are due to move, answer or otherwise respond to the Complaint on or before October 23, 2014. Defendants are prepared to file their proposed Motion by that current deadline. The Motion, if granted, seeks dismissal of the claim in its entirety, with prejudice. This is the first request to the Court for the relief sought herein. Defendants respectfully request that Your Honor schedule, at the Court's earliest convenience, a pre-motion conference to consider the contemplated motion. Defendants also request that, in the event that the Court permits the filing of a motion on one or more of the grounds detailed herein, the Court also set a briefing schedule on the motion.

Respectfully submitted,
/s/ Sandra D. Hauser

*[Handwritten endorsement:] Application to move to dismiss is granted without the necessity of a conference to produce.*

*[Signature] Naomi Reice Buchwald, USDJ*
*10/20/14*

**DENTONS**

Honorable Naomi Reice Buchwald
October 17, 2014
Page 3

cc (via CM/ECF system):
    Natalie J. Spears (admitted *pro hac vice*)
    Kristen C. Rodriguez (admitted *pro hac vice*)
    Matthew Wurgaft
    Rafey S. Balbanian (admitted *pro hac vice*)
    Benjamin S. Thomassen (admitted *pro hac vice*)