

**Sandra D. Hauser**
Partner

sandra.hauser@dentons.com
D  +1 212 768 6802

Dentons US LLP
1221 Avenue of the Americas
New York, NY 10020-1089 USA

T  +1 212 768 6700
F  +1 212 768 6800

October 23, 2014

**VIA ECF**

Honorable Naomi Reice Buchwald
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, N.Y. 10007-1312

Re:  *Austin-Spearman v. AMC Network Entertainment LLC and AMC Networks Inc.*,
14 CV 6840

Dear Judge Buchwald:

This firm represents AMC Network Entertainment LLC and AMC Networks Inc. ("AMC") in the above-referenced action. We submit this letter pursuant to Rule 2.E.1 of Your Honor's Rules of Individual Practice, to briefly summarize AMC's Memorandum of Law in Support of Its Motion to Dismiss Plaintiff's Complaint, submitted simultaneously herewith.

Plaintiff has brought a one-count putative class action complaint against AMC under the Video Privacy Protection Act, 18 U.S.C. § 2710 *et seq*. (the "VPPA"). The VPPA prohibits a "video tape service provider" from "knowingly" disclosing "personally identifiable information," which is defined by the VPPA as information that identifies both a specific person *and* the specific video material such person viewed. 18 U.S.C. §§ 2710(a)(3); (a)(4); (b)(1). Plaintiff's central allegation is that when she visited AMC's website as a casual, non-subscriber visitor, while simultaneously choosing to remain logged into her Facebook account, the Facebook code installed on AMC's website caused her computer's browser to transmit her Facebook ID from the "cookie" placed by Facebook on her computer to Facebook, along with the URL of the AMC


webpage she visited. She contends these circumstances result in a violation of the VPPA by AMC.

Plaintiff's claim fails in its entirety for several fundamental reasons, under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

First, Plaintiff lacks standing under Article III to pursue her claims. Plaintiff does not allege she was caused any concrete or particularized injury of any kind—be that economic, bodily or some other type of injury—as a result of the alleged disclosures about which she complains. Instead, Plaintiff asserts that AMC's actions constitute a violation the VPPA, without identifying any facts that show an actual underlying, factual injury as a consequence of that violation. (*See* Compl. ¶ 58 (alleging only that Plaintiff "and the Class have had their statutorily defined right to privacy violated").) Well-established Supreme Court and Second Circuit precedent do not allow such no-injury claims against a defendant to stand, but instead clarify that the mere assertion of a statutory violation such as this one, standing alone, is insufficient to confer Article III standing. *See, e.g. Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1982); *Kendall v. Employees Ret. Plan of Avon Products*, 561 F.3d 112, 121 (2d Cir. 2009). *See generally Summers v. Earth Island Inst.*, 555 U.S. 488, 497 (2009); *Raines v. Byrd*, 521 U.S. 811, 820 n.3 (1997) ("It is settled that Congress cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing.").

Second, Plaintiff's own allegations, even if true, show that she cannot meet a fundamental element for a VPPA claim. The plain language of the VPPA requires that the plaintiff be a "consumer," which the Act expressly defines as a "renter, purchaser, or subscriber" of a videotape service provider. 18 U.S.C. 2710(a)(1). Although Plaintiff tries to call herself a

"subscriber," her own allegations show that she is not a subscriber under any common meaning of that term—she has not alleged she registered or logged in with AMC for its free website; she has no user-ID or established profile with AMC; she has not downloaded anything from AMC; and she does not allege (nor could she) that AMC even knows her identity, her Facebook ID or anything at all about her. In short, Plaintiff has no relationship with AMC as contemplated by the VPPA; she merely visited AMC's website. That does not constitute being a "subscriber" of AMC under any ordinary meaning of the term, which must be adopted because the term is undefined in the statute. *BP Am. Prod. Co. v. Burton*, 549 U.S. 84, 91 (2006). For this reason, she cannot satisfy a key element required to assert a claim under the VPPA and the case cannot stand under Fed. R. Civ. P. 12(b)(6).

Respectfully Submitted,

*/s/ Sandra D. Hauser*

Sandra D. Hauser, Partner

cc (via CM/ECF system):
  Natalie J. Spears (admitted *pro hac vice*)
  Kristen C. Rodriguez (admitted *pro hac vice*)
  Matthew Wurgaft
  Rafey S. Balabanian (admitted *pro hac vice*)
  Benjamin S. Thomassen (admitted *pro hac vice*)

83251879